**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **ACE AMERICAN INSURANCE COMPANY** | § | |
| **and ACE PROPERTY AND CASUALTY** | § | |
| **INSURANCE COMPANY,** | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| **v.** | § | |
| | § | |
| **MURCO WALL PRODUCTS, INC.,** | § | |
| **BERKSHIRE HATHAWAY SPECIALTY** | § | **CIVIL ACTION NO.** |
| **INSURANCE COMPANY, formerly known as** | § | |
| **STONEWALL INSURANCE COMPANY,** | § | **4:22-cv-01137-O** |
| **INTERSTATE FIRE & CASUALTY** | § | |
| **COMPANY, CANAL INSURANCE** | § | |
| **COMPANY, FAIRMONT SPECIALTY** | § | |
| **INSURANCE COMPANY, formerly known as** | § | |
| **RANGER INSURANCE COMPANY, TUDOR** | § | |
| **INSURANCE COMPANY, and TRAVELERS** | § | |
| **INDEMNITY COMPANY, as successor by** | § | |
| **merger to GULF INSURANCE COMPANY,** | § | |
| | § | |
| *Defendants.* | § | |

---

**ACE AMERICAN INSURANCE COMPANY'S AND ACE
PROPERTY AND CASUALTY INSURANCE COMPANY'S
FIRST AMENDED ORIGINAL COMPLAINT**

---

Plaintiffs ACE American Insurance Company and ACE Property and Casualty Insurance Company allege the following:

**INTRODUCTION**

1.      Plaintiff, ACE American Insurance Company, successor by merger to INA of Texas, ("ACE American"), and Plaintiff, ACE Property and Casualty Insurance Company f/k/a

Aetna Insurance Company ("ACE P&C") bring this suit against their policyholder, Defendant, Murco Wall Products, Inc. ("Murco") and certain of Murco's other insurers.

2.     As further alleged in this Amended Complaint, ACE American and ACE P&C are Murco's sole remaining primary insurers of third-party liabilities.  The other insurers named in this Amended Complaint are excess insurers.

3.     ACE American and ACE P&C have dutifully defended and indemnified Murco for many years on multiple third-party asbestos bodily injury claims in which Murco is a defendant and is alleged to have caused bodily injury to third-parties.

4.     Per the terms of the ACE Policies, these defense payments do not reduce (or "exhaust") the limits of the insurance policies.

5.     On the other hand, the indemnity payments do reduce the limits of the ACE Policies.

6.     Once an insurer has paid its full limits in indemnity, its obligations under insurance policies will typically end.

7.     Given the prior indemnity payments made by ACE American and ACE P&C, its insurance policies have nearly paid their full limits of liability, which would exhaust the policy limits and terminate ACE American's and ACE P&C's duty to defend.

8.     Despite ACE American's and ACE P&C's years of good faith payments, Murco has now started to manipulate its insurance policies by demanding that ACE American and ACE P&C defend asbestos bodily injury claims and then demanding that an excess insurer indemnify the judgments or settlements for the same asbestos bodily injury claims after it has already selected ACE American and ACE P&C.

9.      If ACE American and ACE P&C are forced to defend certain claims, but are then denied the ability to indemnify those same claims, Murco will be able to obtain infinite defense payments for an infinite amount of time. This possibility exists because defense costs do not reduce the limits of liability.

10.     Murco's manipulation is improper under the ACE Policies, public policy, and the law.

11.     In fact, if Murco's scheme is allowed under the law, it could jeopardize the entire primary insurance market for third-party liability insurance.

12.     At the very least, it will cause premiums to skyrocket for Texas policyholders in the future.

## THE PARTIES

13.     ACE American is a corporation incorporated under the laws of the State of Pennsylvania and its principal place of business is in the State of Pennsylvania.

14.     ACE P&C is a corporation incorporated under the laws of the State of Pennsylvania and its principal place of business is in the State of Pennsylvania.

15.     Murco is a corporation incorporated under the laws of the State of Texas with its principal place of business in Fort Worth, Texas.

16.     Defendant, Berkshire Hathaway Specialty Insurance Company, formerly known as Stonewall Insurance Company ("Stonewall"), is a corporation incorporated in the State of Nebraska with its principal place of business in the State of Massachusetts.

17.     Defendant Interstate Fire & Casualty Company is a corporation incorporated in the State of Illinois with its principal place of business in the State of Illinois.

18.     Canal Insurance Company is a corporation incorporated in the State of South Carolina with its principal place of business in the State of South Carolina.

19.     Fairmont Specialty Insurance Company, formerly known as Ranger Insurance Company, is a corporation incorporated in Delaware with its principal place of business in the State of New Hampshire.

20.     Tudor Insurance Company is a corporation incorporated in New Hampshire with its principal place of business in the State of New Jersey.

21.     Travelers Indemnity Company is a corporation incorporated in Connecticut with its principal place of business in the State of Connecticut. Travelers Indemnity Company is the successor in interest by merger of Gulf Insurance Company.

## JURISDICTION AND VENUE

22.     This Court has jurisdiction over the parties and subject matter.  Diversity of citizenship exists as provided in 28 U.S.C. § 1332, and the amount in controversy exceeds the sum specified in 28 U.S.C. § 1332.  This Court has jurisdiction to grant declaratory relief as provided in 28 U.S.C. §§ 2201-2202.

23.     Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendant Murco is a resident of the Northern District of Texas pursuant to 28 U.S.C. § 1391(d) and because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## ACE P&C AND ACE AMERICAN POLICIES

24.     ACE P&C issued to Murco insurance policy number CG 30 69 49 for the policy period August 11, 1976 to August 11, 1977 ("the ACE P&C Policy").  The ACE P&C Policy includes primary commercial general liability coverage for bodily injury liability and property damage liability with a policy limit of $500,000 for each occurrence and in the aggregate.

25.     The insuring agreement of the ACE P&C Policy provides, in pertinent part, that "the company … may make … settlement of any claim or suit as it deems expedient, but the company shall not be obligated to pay any claim or judgment or settlement or to defend any suit after the applicable limit of the company's liability has been exhausted by payment of judgment or settlements."

26.     The Conditions of the ACE P&C Policy provide, in pertinent part, that the "Insured shall cooperate with the company and, upon the company's request, assist in making settlements …." A true and correct copy of the ACE P&C Policy is attached hereto as Exhibit "A".

27.     ACE American issued to Murco insurance policy number TMP 67M840 for the policy period June 15, 1979 to June 15, 1980 ("the ACE American 1979 Policy"). The ACE American 1979 Policy includes primary commercial general liability coverage for bodily injury liability and property damage liability with a policy limit of $1,000,000 for each occurrence and in the aggregate.

28.     The insuring agreement of the ACE American 1979 Policy provides, in pertinent part, that "the Company … may make … settlement of any claim or suit as it deems expedient, but the Company shall not be obligated to pay any claim or judgment or settlement or to defend any suit after the applicable limit of the Company's liability has been exhausted by payment of judgment or settlements."

29.     The ACE American 1979 Policy also provides, in pertinent part, that the "Insured shall cooperate with the Company and, upon the Company's request, assist in making settlements …." A true and correct copy of the ACE American 1979 Policy is attached hereto as Exhibit "B".

30.     ACE American also issued to Murco insurance policy number TMP 70M071 for the policy period June 15, 1980 to June 15, 1981 ("the ACE American 1980 Policy"). The ACE

American 1980 Policy includes primary commercial general liability coverage for bodily injury liability and property damage liability with a policy limit of $1,000,000 for each occurrence and in the aggregate.

31.     The insuring agreement of the ACE American 1980 Policy provides, in pertinent part, that "the Company … may make … settlement of any claim or suit as it deems expedient, but the Company shall not be obligated to pay any claim or judgment or settlement or to defend any suit after the applicable limit of the Company's liability has been exhausted by payment of judgment or settlements."

32.     The ACE American 1980 Policy also provides, in pertinent part, that the "Insured shall cooperate with the Company and, upon the Company's request, assist in making settlements …."  A true and correct copy of the ACE American 1980 Policy is attached hereto as Exhibit "C". The ACE P&C Policy, the ACE American 1979 Policy and the ACE American 1980 Policy are hereinafter collectively referred to as "the ACE Policies."

<u>**OTHER INSURANCE POLICIES**</u>

33.     ACE American and ACE P&C are informed and believe that Stonewall insured Murco under two umbrella liability insurance policies for the policy periods June 15, 1981 to June 15, 1982 and June 15, 1982 to June 15, 1983 (hereafter, collectively "the Stonewall Policies") which provide coverage for bodily injury and property damage occurring during the policy periods of the Stonewall Policies.

34.     ACE American and ACE P&C are informed and believe that Interstate Fire & Casualty Company, Canal Insurance Company, Fairmont Specialty Insurance Company, Tudor Insurance Company, and Travelers Indemnity Company also issued, or are responsible for, excess and/or umbrella policies to Murco. This chart is believed to capture the relevant policies:

| Insurer | Policy No. |
|---|---|
| Gulf Insurance Company (Travelers) | CU5769001 |
| Ranger Insurance Company | RU305562 |
| Stonewall Insurance Company | 56006894 |
| Stonewall Insurance Company | 56010451 |
| Houston General Insurance Group | 5X5185774 |
| Canal Insurance Company | X013165 |
| Interstate Fire & Casualty Company | 55C1036461 |
| Tudor Insurance Company | FF51627 |

35.     ACE American and ACE P&C are informed and believe that other insurance companies issued primary insurance policies to Murco, but that those policies are now exhausted, leaving ACE American and ACE P&C as the sole-remaining primary insurers.

## FACTUAL BACKGROUND

36.     Over the last decades, Murco has been sued in numerous actions for alleged bodily injury allegedly resulting from the use of, or exposure to, Murco's asbestos-containing products.

37.     At present, ACE American and ACE P&C are Murco's sole defending insurers. Since becoming the sole defending insurers, ACE American and ACE P&C have paid all the fees and costs for defending these suits on Murco's behalf under the ACE Policies.

38.     ACE American and ACE P&C have also fully indemnified Murco, including payment of settlements, in each of these suits that have been concluded, with two recent exceptions: (a) the suit known as *Sylvia Smith, Individually and as Personal Representative of the*

*Estate of Randall L. Smith, Deceased; Ronald Smith, Sandy Fellers, Shawn Smith, and Steve Smith*

*v. Ace Hardware Corporation, et al.,* Cause No. 2016-60174, before the Asbestos MDL Pre-Trial

Judge in the 11th District Court of Harris County, Texas (the "*Smith* Lawsuit"); and (b) the suit

known as *Pamela Sue Schlageter, et al. v. Georgia-Pacific, LLC, et al*., Cause No. CJ-2014-287,

District of Canadian County, Oklahoma (the "*Murray* Lawsuit").

39.     No excess insurer of Murco has paid indemnity costs for any of the actions

referenced in paragraph 36, except for the *Smith* Lawsuit and *Murray* Lawsuit.

40.     No excess insurer of Murco has paid defense costs for any of the actions referenced

in paragraph 36, including for the *Smith* Lawsuit and *Murray* Lawsuit.



44.     Murco's change of position breached Murco's contractual and common law

obligations to cooperate with ACE American and ACE P&C, other provisions of the ACE Policies,

public policy, and the parties' course of dealing.

### *Smith* **Lawsuit**

45.     Murco was sued in the *Smith* Lawsuit on or about September 7, 2016.

46.     The *Smith* Lawsuit alleged, in pertinent part, that Murco was liable for injury to and the ultimate death of Randall Smith allegedly resulting from his exposure to asbestos-containing Murco products from approximately 1973 to 1983.

47.     Murco tendered the *Smith* Lawsuit to ACE American and ACE P&C under the ACE Policies and ACE American and ACE P&C agreed to provide for Murco's defense and indemnity of the *Smith* Lawsuit under each of the ACE Policies.

48.     Thereafter, ACE American and ACE P&C paid the defense fees and costs for Murco's defense of the *Smith* Lawsuit through the *Smith* Lawsuit's ultimate resolution five years later.

49.     No other insurer paid any defense fees and costs for Murco's defense of the *Smith* Lawsuit.

50.     In or about July 2021, Murco and the *Smith* Lawsuit plaintiffs, through their respective counsel, commenced settlement negotiations.

51.     At that time, due to indemnity payments ACE American and ACE P&C made on Murco's behalf for other claims, the total collective remaining general liability aggregate limits of the ACE Policies had been significantly reduced.





54.

55.

56.

57.

58.

59.



61.     On September 3, 2021, after extensive arms-length negotiations, the *Smith* Lawsuit plaintiffs and Murco agreed to a confidential, full and final settlement for an amount that exceeded the remaining limits of the ACE Policies.



**REDACTED**

65(A)



66.

67.

68.

69.     ACE American and ACE P&C are informed and believe that Stonewall contends that it had and has no obligation under the Stonewall Policies to defend or indemnify Murco for any of these suits unless and until the ACE Policies are exhausted.

70.     Notwithstanding that position, Stonewall fully funded the *Smith* Lawsuit settlement.

71.     Stonewall has declined to accept ACE American's and ACE P&C's payment of the ACE Policies' remaining limits, which remaining limits constitute ACE American's and ACE P&C's equitable shares of the *Smith* Lawsuit settlement amount and which amount Murco and Stonewall agreed ACE American and ACE P&C would contribute to the funding of the *Smith* Lawsuit settlement.

72.     Murco still seeks for ACE American and ACE P&C to pay defense bills for Murco's defense of suits alleging continuous bodily injury resulting from alleged exposure to asbestos.

73.     ACE American and ACE P&C are further informed and believe that additional lawsuits have been or could be commenced against Murco for which Murco may seek defense from ACE American and ACE P&C.

74.     ACE American and ACE P&C are further informed and believe that upon exhaustion of the ACE Policies' remaining limits (which Murco agreed would be paid to settle the *Smith* Lawsuit), Murco has other liability insurance available to pay for defense of these suits, including, without limitation, the Stonewall Policies.

### *Murray* Lawsuit

75.     Murco was sued in the *Murray* Lawsuit.

76.     The *Murray* Lawsuit alleged, in pertinent part, that Murco was liable for injury to and the ultimate death of William H. Murray allegedly resulting from his exposure to asbestos-containing Murco products.

77.     Murco tendered the *Murray* Lawsuit to ACE American and ACE P&C under the ACE Policies and ACE American and ACE P&C agreed to provide for Murco's defense and indemnity of the *Murray* Lawsuit under each of the ACE Policies.

78.     Thereafter, ACE American and ACE P&C paid the defense fees and costs for Murco's defense of the *Murray* Lawsuit through its ultimate settlement in or about November 2021.

79.     ACE American and ACE P&C are informed and believe that the *Murray* Lawsuit settled in or about November 2021 and that Stonewall fully funded that settlement.

80.     ACE American and ACE P&C are informed and believe that Stonewall contends that it had and has no obligation under the Stonewall Policies to defend or indemnify Murco for any of these suits unless and until the ACE Policies are exhausted.

81.     Notwithstanding that position, Stonewall fully funded the *Murray* Lawsuit settlement.  Stonewall has declined to accept ACE American's and ACE P&C's payment of the ACE Policies' remaining limits.

### *Galier* Lawsuit

82.     Murco was also sued in that action known as *Galier v. Murco, et al*., Oklahoma District Court, Oklahoma County, Case No, CJ-2012-06920 ("the *Galier* Lawsuit").

83.     ACE American and ACE P&C also paid for Murco's defense of the *Galier* Lawsuit under the ACE Policies.

84.     The *Galier* Lawsuit resulted in a $2.4 million judgment against Murco following a trial in 2015.  Murco appealed the judgment in the *Galier* Lawsuit, which appeal remains pending. The amount of the judgment on appeal in the *Galier* Lawsuit, exceeds the remaining collective limits of the ACE Policies.

85(A)  From May 18, 2015, through May 11, 2023, ACE paid $1,471,580.51 in post-judgment interest.

85.     However, due to Murco's manipulation of the ACE Policies, ACE continued to pay Murco's defense costs on the *Galier* Lawsuit.

86(A)  On May 11, 2023, the *Galier* judgment, and its post-judgment interest was fully satisfied.

86(B)  On May 2, ACE paid its remaining limits of $315,050.42 to counsel for Murco as part of the satisfaction of the *Galier* judgment.

86(C)   ACE's obligation to pay post-judgment interest ended on October 1, 2021 when its policies exhausted due to the settlement *Smith* claim.

86(D)   ACE's obligation to pay defense costs on *Galier* ended on October 1, 2021 when its policies exhausted due to the settlement of the *Smith* claim.

## FIRST CLAIM FOR RELIEF

### (Breach of Contract – As to Murco)

87.     ACE American and ACE P&C incorporate by reference the allegations set forth in paragraphs 1 through 86 above, as though set forth fully herein.

88.     Each of the ACE Policies expressly provide that the insurer, and therefore ACE American and ACE P&C, may make any settlement of a suit that the insurer deems proper.

89.     Each of the ACE Policies, by their express terms, obligate Murco to "cooperate with the Company and, upon the Company's request, assist in making settlements …."

90.     ACE American and ACE P&C were the sole defending insurers of the *Smith* Lawsuit and *Murray* Lawsuit.

**R
E
D
A
C
T
E
D**

91.



92.     After the settlement of the *Smith* Lawsuit and *Murray* Lawsuit was agreed to and after Murco agreed that ACE American and ACE P&C would pay the remaining limits of each of the ACE Policies to fund, in part, that settlement, Murco breached, and continues to breach, its contractual obligations to assist ACE American and ACE P&C in making a settlement of the *Smith* Lawsuit and has interfered, and continues to interfere, with ACE American's and ACE P&C's

contractual rights to make a settlement of the *Smith* Lawsuit and *Murray* Lawsuit that ACE American and ACE P&C were defending.

93.    ACE American and ACE P&C have been damaged because of Murco's breach of material terms of each of the ACE Policies and its interference with ACE American's and ACE P&C's performance of their rights and obligations under each of the ACE Policies.

94.    But for Murco's breach of the ACE Policies and interference with ACE American's and ACE P&C's performance of their rights and obligations under each of the ACE Policies, as set forth above, the remaining limits of each of the ACE Policies would have been properly exhausted and ACE American's and ACE P&C's obligation to defend and indemnify Murco for any other suit that would otherwise be covered by the ACE Policies would have ended pursuant to the ACE Policies' express terms.

95.    ACE American's and ACE P&C's damages resulting from Murco's breach include, without limitation, all fees and costs ACE American and ACE P&C have incurred and will continue to incur in paying for Murco's defense of other suits following the *Smith* Lawsuit settlement.

95(A)  ACE American's and ACE P&C's damages resulting from Murco's breach also include all post-judgment interest (and any other supplemental payment) incurred by ACE after the date of the settlement of the *Smith* Lawsuit and/or *Murray* Lawsuit.

**WHEREFORE, ACE AMERICAN AND ACE P&C PRAY FOR RELIEF AS FOLLOWS:**

**<u>On the First Claim for Relief</u>**:

1.  For a judgment for damages in an amount according to proof.

### SECOND CLAIM FOR RELIEF

**(Declaratory Relief – As to Murco)**

96.     ACE American and ACE P&C incorporate by reference the allegations set forth in paragraphs 1 through 95 above, as though set forth fully herein.

97.     Murco demanded that ACE American and ACE P&C defend the *Smith* Lawsuit and the *Murray* Lawsuit.

98.     ACE American and ACE P&C fully defended Murco in each of those suits pursuant to Murco's demand and the terms of the ACE Policies.

99.     ACE American and ACE P&C are informed and believe that, notwithstanding Murco's demand for and its receipt of the full benefit of the defense paid for by ACE American and ACE P&C, Murco contends it had the right to preclude ACE American and ACE P&C from contributing the remaining limits of each of the ACE Policies to the *Smith* Lawsuit settlement and the right to designate Stonewall as the sole funder of the *Smith* Lawsuit.

100.     ACE American and ACE P&C are informed and believe that, notwithstanding Murco's demand for and its receipt of the full benefit of the defense paid for by ACE American and ACE P&C, Murco contends it had the right to preclude ACE American and ACE P&C from contributing the remaining limits of each of the ACE Policies to the *Murray* Lawsuit settlement and the right to designate Stonewall as the sole funder of the *Murray* Lawsuit.

101.     ACE American and ACE P&C contend that Murco did not have any such rights under the law, the terms of the ACE Policies, or in equity.

102.     ACE American and ACE P&C further contend they had and have the contractual right and obligation, to pay the remaining limits of each of the ACE Policies for the settlement of the *Smith* Lawsuit.

103.    ACE American and ACE P&C further contend they had and have the contractual right and obligation, to pay the remaining limits of each of the ACE Policies for the settlement of the *Murray* Lawsuit.

104.    By virtue of the foregoing, an actual controversy exists between ACE American, ACE P&C and Murco.

**WHEREFORE, ACE AMERICAN AND ACE P&C PRAY FOR RELIEF AS FOLLOWS:**

**On the Second Claim for Relief**:

2.    For judgment declaring that:

a.     Murco did not and does not have a right to preclude ACE American and ACE P&C from contributing, whether directly or indirectly, the remaining limits of each of the ACE Policies to the *Smith* Lawsuit settlement;

b.    Murco did not and does not have a right to designate Stonewall, or any other single umbrella/excess insurer, as the sole funder of the *Smith* Lawsuit or *Murray* Lawsuit settlements because ACE American and ACE P&C are available primary insurers;

c.    ACE American and ACE P&C had and have the contractual right to pay or contribute the remaining limits of each of the ACE Policies for the settlement of the *Smith* Lawsuit and/or *Murray* Lawsuit, thereby exhausting ACE American and ACE P&C; and

d.    ACE American and ACE P&C are entitled to reimbursement from Murco for all defense fees and costs ACE American and ACE P&C have paid or may pay which were incurred or will be incurred after the date of the settlement of the *Smith* Lawsuit and/or *Murray* Lawsuit.

e.      ACE American and ACE P&C are entitled to reimbursement from Murco for all post-judgment interest (and any other supplemental payment) incurred by ACE after the date of the settlement of the *Smith* Lawsuit and/or *Murray* Lawsuit.

## THIRD CLAIM FOR RELIEF

### (Declaratory Relief – Waiver As to Murco)

105.    ACE American and ACE P&C incorporate by reference the allegations set forth in paragraphs 1 through 104 above, as though set forth fully herein.

106.    ACE American and ACE P&C contend that Murco did not have any right under the ACE Policies, at law or in equity, to designate Stonewall as the sole funding insurer of the *Smith* Lawsuit and *Murray* Lawsuit settlements.

107.    To the extent Murco had any such right, at all relevant times Murco had actual knowledge of its purported right to designate Stonewall as the sole funding insurer of the *Smith* Lawsuit and *Murray* Lawsuit settlements.

108.    With that knowledge, Murco intentionally, clearly and unequivocally waived and relinquished that purported right and/or engaged in intentional conduct inconsistent with claiming that right as set forth hereinabove.

109.    By virtue of the foregoing, an actual controversy exists among ACE American, ACE P&C and Murco.  ACE American and ACE P&C contend that Murco waived any purported right it may have had to designate Stonewall (or any other single insurer) to fully fund the settlements of the *Smith* Lawsuit and *Murray* Lawsuit,  and waived any purported right to preclude or otherwise object to ACE American and ACE P&C contributing the ACE Policies' remaining limits to the *Smith* Lawsuit and *Murray* Lawsuit settlements, and thereby exhausting the limits of each of the ACE Policies.

110.    ACE American and ACE P&C are informed and believe that Murco contends it has not waived its purported right to designate Stonewall as the sole funding insurer for the *Smith* Lawsuit settlement or any purported right to preclude or otherwise object to ACE American and ACE P&C contributing the ACE Policies' remaining limits to the *Smith* Lawsuit settlement.

**WHEREFORE, ACE AMERICAN AND ACE P&C PRAY FOR RELIEF AS FOLLOWS:**

**<u>On the Third Claim for Relief</u>**:

3.    For judgment declaring that:

a.    Murco has waived any purported right to designate Stonewall, or any other single excess/umbrella insurer, as the sole funder of the *Smith* Lawsuit and/or *Murray* Lawsuit.

b.    Murco has waived any purported right to preclude or otherwise object to ACE American and ACE P&C contributing, whether directly or indirectly, the ACE Policies' remaining limits to the *Smith* Lawsuit and/or *Murray* Lawsuit, and

c.    ACE American and ACE P&C had and have the contractual right to pay or contribute the remaining limits of each of the ACE Policies for the settlement of the *Smith* Lawsuit and/or *Murray* Lawsuit, thereby exhausting ACE American and ACE P&C.

d.    ACE American and ACE P&C are entitled to reimbursement from Murco for all defense fees and costs ACE American and ACE P&C have paid or may pay which were incurred or will be incurred after the date of the settlement of the *Smith* Lawsuit.

e.    ACE American and ACE P&C are entitled to reimbursement from Murco for all post-judgment interest (and any other supplemental payment) incurred by ACE after the date of the settlement of the *Smith* Lawsuit and/or *Murray* Lawsuit.

## FOURTH CLAIM FOR RELIEF

### (Declaratory Relief – Estoppel As to Murco)

111.    ACE American and ACE P&C incorporate by reference the allegations set forth in paragraphs 1 through 110 above, as though set forth fully herein.

112.    After (a) reaping the benefit of ACE American's and ACE P&C's payment for defense of the *Smith* Lawsuit and *Murray* Lawsuit for many years; (b) requesting and agreeing that the ACE Policies' remaining limits would be the first source of funding for settlement of the *Smith* Lawsuit and *Murray* Lawsuit; and (c) after the *Smith* Lawsuit and *Murray* Lawsuit were settled, Murco demanded that Stonewall be the sole funding insurer of the *Smith* Lawsuit and *Murray* Lawsuit settlement to ACE American's and ACE P&C's detriment.

113.    ACE American and ACE P&C reasonably relied on Murco's tendering of the claims to them.

114.    Had Murco acted in accordance with its agreement and the Parties' express understanding that the ACE Policies' remaining limits would be the first source of funding for settlement of the *Smith* Lawsuit and *Murray* Lawsuit, the ACE Policies' limit would be exhausted and ACE American and ACE P&C would have no further obligation to pay for Murco's defense of other pending suits or suits that may be subsequently commenced against Murco.

115.    By its conduct as alleged hereinabove, and otherwise, Murco took and continues to take unfair advantage of ACE American and ACE P&C and concealed from ACE American and ACE P&C its true intentions.

116.    Additionally, ACE detrimentally relied on Murco's representations that ACE American and ACE P&C would pay the indemnity for the claim.  Had Murco disclosed that

Stonewall would pay the indemnity for the claim, ACE American and ACE P&C would not have paid the defense costs.

117.    By virtue of the foregoing, an actual controversy exists among ACE American, ACE P&C, and Murco.

118.    ACE American and ACE P&C contend that Murco is estopped from asserting or exercising any purported right to designate Stonewall as the sole funding insurer for the *Smith* Lawsuit settlement or any purported right to preclude or otherwise object to ACE American and ACE P&C contributing the ACE Policies' remaining limits to the *Smith* Lawsuit and *Murray* Lawsuit settlements.

119.    ACE American and ACE P&C are informed and believe that Murco contends it is not estopped from asserting or exercising any such purported right.

**WHEREFORE, ACE AMERICAN AND ACE P&C PRAY FOR RELIEF AS FOLLOWS:**

**On the Fourth Claim for Relief**:

4.    For judgment declaring that:

a.    Murco is estopped from designating Stonewall, or any other single insurer, as the sole funder of the *Smith* Lawsuit and *Murray* Lawsuit settlements;

b.    Murco is estopped from precluding or otherwise objecting to ACE American and ACE P&C contributing, whether directly or indirectly, the ACE Policies' remaining limits to the *Smith* Lawsuit and *Murray* Lawsuit settlements;

c.     ACE American and ACE P&C had and have the contractual right to pay or contribute the remaining limits of each of the ACE Policies for the settlement of the *Smith* Lawsuit and *Murray* Lawsuit; and

d.      ACE American and ACE P&C are entitled to reimbursement from Murco for all defense fees and costs ACE American and ACE P&C have paid or may pay which were incurred or will be incurred after the date of the settlement of the *Smith* Lawsuit.

## FIFTH CLAIM FOR RELIEF

### (Declaratory Relief – As to Stonewall)

120.    ACE American and ACE P&C incorporate by reference the allegations set forth in paragraphs 1 through 119 above, as though set forth fully herein.

121.    ACE American and ACE P&C are informed and believe that Stonewall contends that it had no obligation to defend Murco in the *Smith* Lawsuit or the *Murray* Lawsuit or any other suit that actually or potentially alleged continuous bodily injury or property damage occurring during the policy periods of the Stonewall Policies resulting from the use of, or exposure to, Murco's asbestos-containing products unless and until the ACE Policies' limits were exhausted.

122.    ACE American and ACE P&C contend that if Murco's selection of Stonewall to fully fund the *Smith* Lawsuit and *Murray* Lawsuit settlements was proper (and ACE American and ACE P&C contend it was not) then Stonewall was obligated to fully defend Murco in the *Smith* Lawsuit and the *Murray* Lawsuit and that Stonewall is obligated to reimburse them for defense costs ACE American and ACE P&C paid or will hereafter pay for Murco's defense of the *Smith* Lawsuit (including the subsequent *Murray* Lawsuit and any other subsequent suits).

123.    American and ACE P&C further contend that if Murco's selection of Stonewall to fully fund the *Smith* Lawsuit and *Murray* Lawsuit settlements was proper (and ACE American and ACE P&C contend it was not) then (a) Stonewall is obligated to accept ACE American's and ACE P&C's tender of the remaining collective limits of the ACE Policies as their equitable and agreed

upon contribution to *Smith* Lawsuit and *Murray* Lawsuit settlements; and (b) upon such payment to Stonewall, the ACE Policies have been fully and properly exhausted.

124.    By virtue of the foregoing, an actual controversy exists among ACE American, ACE P&C and Stonewall.

**WHEREFORE, ACE AMERICAN AND ACE P&C PRAY FOR RELIEF AS FOLLOWS:**

**<u>On the Fifth Claim for Relief</u>**:

5.    For a judgment declaring that

a.    Stonewall had an obligation to defend Murco in the *Smith* Lawsuit and the *Murray* Lawsuit and any other suit that actually or potentially alleged continuous bodily injury or property damage resulting from the use of, or exposure to, Murco's alleged asbestos-containing products and occurring during the policy periods of the Stonewall Policies.

b.    Stonewall is obligated to accept ACE American's and ACE P&C's tender of the remaining collective limits of the ACE Policies as their equitable and agreed-upon contribution to *Smith* Lawsuit and/or the *Murray* Lawsuit settlements; and upon such payment to Stonewall, the ACE Policies have been fully and properly exhausted.

**<u>SIXTH CLAIM FOR RELIEF</u>**

**(Declaratory Relief – Waiver As to Stonewall)**

125.    ACE American and ACE P&C incorporate by reference the allegations set forth in paragraphs 1 through 124 above, as though set forth fully herein.

126.    To the extent that the terms of the Stonewall Policies, or either of them, provide that they apply only if no other insurance is available to Murco, Stonewall intentionally, unequivocally waived, and relinquished the right to rely on any such terms by its funding of the

*Smith* Lawsuit and the *Murray* Lawsuit settlements and refusing ACE American and ACE P&C's tender of their contribution to the *Smith* Lawsuit settlement.

127.    ACE American and ACE P&C contend that by virtue of its waiver, Stonewall is obligated to reimburse ACE American and ACE P&C, in whole or in part, for the costs they incurred for Murco's defense of the *Smith* Lawsuit, the *Murray* Lawsuit and all other suits that actually or potentially alleged or allege continuous bodily injury or property damage occurring during the policy periods of the Stonewall Policies resulting from the use of, or exposure to, Murco's alleged asbestos-containing products.

128.    By virtue of the foregoing, an actual controversy exists between ACE American and ACE P&C, on the one hand, and Stonewall on the other.

**WHEREFORE, ACE AMERICAN AND ACE P&C PRAY FOR RELIEF AS FOLLOWS:**

**<u>On the Sixth Claim for Relief</u>**:

6.    For a judgment declaring that:

a.    Stonewall waived any terms of the Stonewall Policies (if any) and any right to rely on any such terms, which provide that the Stonewall Policies only apply excess of the other insurance available to Murco; and

b.    Stonewall is obligated to reimburse ACE American and ACE P&C for the costs they incurred for Murco's defense of the *Smith* Lawsuit, the *Murray* Lawsuit and all other suits that actually or potentially alleged or allege continuous bodily injury or property damage resulting from the use of, or exposure to, Murco's alleged asbestos-containing products and occurring during the policy periods of the Stonewall Policies.

## SEVENTH CLAIM FOR RELIEF

### (Equitable Contribution and or Subrogation As to Stonewall)

129.     ACE American and ACE P&C incorporate by reference the allegations set forth in paragraphs 1 through 128 above, as though set forth fully herein.

130.     ACE American, ACE P&C and Stonewall had a common obligation to pay for Murco's defense of the *Smith* Lawsuit, the *Murray* Lawsuit and other suits which alleged or potentially alleged bodily injury or property damage continuously occurring through the policy periods of their respective policies.

131.     If Murco's pick of Stonewall to fund 100% of the indemnity of the *Smith* Lawsuit and *Murray* Lawsuit is proper, then Stonewall has failed to pay the corresponding defense costs for those suits.

132.     ACE American and ACE P&C have compulsorily paid more than their fair share of costs of Murco's defense and are therefore entitled to equitable contribution or subrogation from Stonewall for the fees and costs that ACE American and ACE P&C have paid for Murco's defense.

**WHEREFORE, ACE AMERICAN AND ACE P&C PRAY FOR RELIEF AS FOLLOWS:**

**On the Seventh Claim for Relief**:

7.     For equitable contribution, in an amount according to proof, for all fees and costs ACE American and ACE P&C have paid to defend Murco in the *Smith* Lawsuit, the *Murray* Lawsuit and all other suits that actually or potentially alleged or allege continuous bodily injury or property damage resulting from the use of, or exposure to, Murco's alleged asbestos-containing products and occurring during the policy periods of the Stonewall Policies.

## EIGHTH CLAIM FOR RELIEF

**(Declaratory Judgment – As to Interstate Fire & Casualty Company, Canal Insurance Company, Fairmont Specialty Insurance Company, Tudor Insurance Company, and Travelers Indemnity Company)**

133.    ACE American and ACE P&C incorporate by reference the allegations set forth in paragraphs 1 through 133 above, as though set forth fully herein.

134.    ACE and ACE P&C contend that the ACE Policies are now exhausted and owe no further obligations.

135.    Upon information and belief, ACE and ACE P&C understand Interstate Fire & Casualty Company, Canal Insurance Company, Fairmont Specialty Insurance Company, Tudor Insurance Company, and Travelers Indemnity Company dispute that the ACE Policies are exhausted and contend that the ACE Policies owe further obligations.

136.    An actual controversy exists among ACE American and ACE P&C, on the one hand, and Interstate Fire & Casualty Company, Canal Insurance Company, Fairmont Specialty Insurance Company, Tudor Insurance Company, and Travelers Indemnity Company as to the obligations for indemnity and defense for the *Smith, Murray, and Galier* Lawsuits, and other pending and future suits.

**WHEREFORE, ACE AMERICAN AND ACE P&C PRAY FOR RELIEF AS FOLLOWS:**

**On the Eighth Claim for Relief**:

8.    For a declaration

a.    that ACE American and ACE P&C had and have the contractual right to pay or contribute the remaining limits of each of the ACE Policies for the settlement of the *Smith* Lawsuit.

b.      that ACE American and ACE P&C exhausted their policies as of the date of settlement of the *Smith* Lawsuit.

c.      that alternatively, ACE American and ACE P&C exhausted their policies as of the date of satisfaction of the *Galier* judgment.

## NINTH CLAIM FOR RELIEF

### (Assumpsit/Money Had and Received as to Murco)

137.    ACE American and ACE P&C incorporate by reference the allegations set forth in paragraphs 1 through 140 above, as though set forth fully herein.

138.    ACE American and ACE P&C paid money for the use and benefit of Murco in the form of the defense costs spent on the *Smith* Lawsuit and *Murray* Lawsuit.

139.    Murco then directed Stonewall to pay the indemnity owed for the *Smith* Lawsuit and *Murray* Lawsuit over ACE American and ACE P&C's objections.

140.    Under equity and good conscience, the defense costs spent by ACE American and ACE P&C on the *Smith* Lawsuit and *Murray* Lawsuit should be repaid to ACE American and ACE P&C by Murco.

141.    Murco would be unjustly enriched if allowed to both direct the indemnity to be paid by Stonewall and to be allowed to retain the benefit of the defense costs spent by ACE American and ACE P&C on the *Smith* Lawsuit and *Murray* Lawsuit.

142.    ACE incurred post-judgment interest on the *Galier* claim after the date of the settlement of the *Smith* Lawsuit.

**WHEREFORE, ACE AMERICAN AND ACE P&C PRAY FOR RELIEF AS FOLLOWS:**

**On the Ninth Claim for Relief**:

9.        ACE American and ACE P&C are entitled to

a.        reimbursement for all defense fees and costs ACE American and ACE P&C have paid or may pay which were incurred or will be incurred after the date of the settlement of the *Smith* Lawsuit.

b.        reimbursement for all post-judgment interest ACE American and ACE P&C have paid or may pay which were incurred or will be incurred after the date of the settlement of the *Smith* Lawsuit.

## TENTH CLAIM FOR RELIEF

### (Declaratory Relief As to Murco and Stonewall)

87.        ACE American and ACE P&C incorporate by reference the allegations set forth in paragraphs 1 through 146 above, as though set forth fully herein.

88.        An actual controversy exists among ACE American and ACE P&C, on the one hand, and Murco and Stonewall on the other hand, with respect to ACE's exhaustion.

89.        ACE American and ACE P&C contend that their obligation to defend and indemnify Murco, whether directly or indirectly, ended as of the date of the *Smith* settlement.

90.        Alternatively contend that their obligation to defend and indemnify Murco, whether directly or indirectly, ended as of the date of the final satisfaction of the *Galier* judgment.

91.        ACE American and ACE P&C are informed and believe that Murco and Stonewall contend ACE American's and ACE P&C's obligation to indemnify Murco, whether directly or indirectly, continued after the settlement of *Smith* Lawsuit.

92.     ACE American and ACE P&C are informed and believe that Murco and Stonewall contend ACE American's and ACE P&C's obligation to indemnify Murco, whether directly or indirectly, continued after the *Galier* Lawsuit.

**WHEREFORE, ACE AMERICAN AND ACE P&C PRAY FOR RELIEF AS FOLLOWS:**

**On the Tenth Claim for Relief**:

10.     For a declaration

a.      that ACE American's and ACE P&C's obligation to defend and indemnify Murco, whether directly or indirectly, ended after the settlement of *Smith* Lawsuit.

b.      that ACE American's and ACE P&C's obligation to defend and indemnify Murco, whether directly or indirectly, ended after the satisfaction of the *Galier* Lawsuit.

c.      that Stonewall must reimburse ACE American's and ACE P&C's for Stonewall's proportional share of the post-judgment interest incurred after the date of the settlement of the *Smith* Lawsuit.

**WHEREFORE, ACE AMERICAN AND ACE P&C PRAY FOR RELIEF AS FOLLOWS:**

 **On All Claims for Relief**:

11.     For costs incurred in this action, including attorney's fees.

12.     For such other and further relief that the Court determines is fair, just, and equitable under the circumstances.

DATED:  May 17, 2023

Brian Garrett
Texas State Bar No. 24074254
bgarrett@bhilaw.com
BLAIES & HIGHTOWER, LLP
420 Throckmorton Street, Suite 1200
Fort Worth, Texas 76102
Telephone:  (817) 334-0800

-and-

Christopher Hemphill (*pro hac vice* admitted)
Illinois State Bar No. 630005
christopher.hemphill@mclolaw.com
COHN BAUGHMAN
333 West Wacker Drive, Suite 900
Chicago, Illinois 60606
Telephone: (312) 753-6616

ATTORNEYS FOR PLAINTIFFS

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document was served on all counsel of record via the court's ECF system on this 26th day of May, 2023:

| | |
|---|---|
| Ernest Martin, Jr. | ____ FACSIMILE |
| HAYNES AND BOONE, LLP | ____ U.S. FIRST CLASS MAIL |
| 2323 Victory Avenue, Suite 700 | ____ CERTIFIED MAIL, RRR |
| Dallas, Texas  75219 | ____ HAND DELIVERY |
| Ernest.Martin@haynesboone.com | __X__ ELECTRONIC TRANSMISSION |

| | |
|---|---|
| Leslie C. Thorne | FACSIMILE |
| Andrew P. Van Osselaer | ____ U.S. FIRST CLASS MAIL |
| HAYNES AND BOONE, LLP | ____ CERTIFIED MAIL, RRR |
| 600 Congress Avenue, Suite 1300 | ____ HAND DELIVERY |
| Leslie.Thorne@haynesboone.com | __X__ ELECTRONIC TRANSMISSION |
| Andrew.VanOsselaer@haynesboone.com | |

ATTORNEYS FOR DEFENDANT
MURCO WALL PRODUCTS, INC.

| | |
|---|---|
| Daisy Khambatta | ____ FACSIMILE |
| KENNEDYS CMK, LLP | ____ U.S. FIRST CLASS MAIL |
| 3821 Juniper Trace, Suite 101 | ____ CERTIFIED MAIL, RRR |
| Austin, Texas  78738 | ____ HAND DELIVERY |
| Daisy.khambatta@kennedyslaw.com | __X__ ELECTRONIC TRANSMISSION |

ATTORNEY FOR DEFENDANT
FAIRMONT SPECIALTY COMPANY,
formerly known as RANGER INSURANCE COMPANY

| | |
|---|---|
| Mark T. Beaman | ____ FACSIMILE |
| Ryan C. Bueche | ____ U.S. FIRST CLASS MAIL |
| GERMER BEAMAN & BROWN, P.L.L.C. | ____ CERTIFIED MAIL, RRR |
| One Barton Skyway | ____ HAND DELIVERY |
| 1501 S. Mopac Expressway, Ste. A400 | __X__ ELECTRONIC TRANSMISSION |
| Austin, Texas  78746 | |
| mbeaman@germer-austin.com | |
| rbueche@germer-austin.com | |

ATTORNEYS FOR DEFENDANT
BERKSHIRE HATHAWAY SPECIALTY
INSURANCE COMPANY, f/k/a
STONEWALL INSURANCE COMPANY

Courtney Ervin        FACSIMILE
*Attorney-in-Charge*     ____ U.S. FIRST CLASS MAIL
Amanda Goldstein     ____ CERTIFIED MAIL, RRR
OF HICKS THOMAS, LLP    ____ HAND DELIVERY
700 Louisiana Street, Suite 2300  _X_ ELECTRONIC TRANSMISSION
Houston, Texas  77002
cervin@hicks-thomas.com
agoldstein@hicks-thomas.com

J. Frank Kinsel       FACSIMILE
OF CANTEY HANGER, LLP    U.S. FIRST CLASS MAIL
600 W. 6th Street, Suite 300   ____ CERTIFIED MAIL, RRR
Fort Worth, Texas  76102   ____ HAND DELIVERY
jkinsel@canteyhanger.com   _X_ ELECTRONIC TRANSMISSION

ATTORNEYS FOR DEFENDANT
THE TRAVELERS INDEMNITY COMPANY

            Brian K. Garrett