UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ACE AMERICAN INSURANCE COMPANY and ACE PROPERTY AND CASUALTY INSURANCE COMPANY, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 4:22-cv-01137-O |
| MURCO WALL PRODUCTS, INC.; BERKSHIRE HATHAWAY SPECIALTY INSURANCE COMPANY f/k/a STONEWALL INSURANCE COMPANY; INTERSTATE FIRE & CASUALTY COMPANY; CANAL INSURANCE COMPANY; FAIRMONT SPECIALTY INSURANCE COMPANY; TUDOR INSURANCE COMPANY; and TRAVELERS INDEMNITY COMPANY, | § § § § § § § § § § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION & ORDER

Before the Court are Murco Wall Products, Inc.'s ("Murco") Motion to Dismiss Berkshire Hathaway Specialty Insurance Company's ("Berkshire Hathaway") Crossclaims for Declaratory Judgment and Monetary Relief (ECF No. 79), filed July 28, 2023; Berkshire Hathaway's Response in Opposition to Murco's Motion to Dismiss Crossclaims (ECF No. 88), filed August 28, 2023; and Murco's Reply in Support of the Motion to Dismiss to Dismiss Crossclaims (ECF No. 92), filed September 11, 2023. Also before the Court are Berkshire Hathaway's Motion to Dismiss Murco's Counter-Crossclaims for Declaratory Relief (ECF No. 90), filed August 28, 2023; and Murco's Response in Opposition to Berkshire Hathaway's Motion to Dismiss Counter-Crossclaims (ECF No. 93), filed September 18, 2023. For the reasons set forth herein, the Court **DENIES** the Motions to Dismiss (ECF No. 79, 90).

**I. LEGAL STANDARD**

The Federal Rules of Civil Procedure require a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The Rule 8(a) pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). If a plaintiff fails to satisfy this standard on its claim, the defendant may file a motion to dismiss it under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6).

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Unlike a "probability requirement," the plausibility standard instead demands "more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 570). Where a complaint contains facts that are "merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id*. (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted).

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier*, 509 F.3d at 675. However, the court may not accept legal conclusions as true. *Iqbal*, 556 U.S. at 678–79. To avoid dismissal, pleadings must show specific, well-pleaded facts rather than conclusory allegations. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). "When there are well-

pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. A court ruling on a motion to dismiss "may rely on the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (citation and internal quotation marks omitted).

## II.   ANALYSIS

Under Rule 12(b)(6), (A) Murco moves for dismissal of Berkshire Hathaway's crossclaims for declaratory judgment and monetary relief against Murco,[1] while (B) Berkshire Hathaway moves for dismissal of Murco's counter-crossclaims for declaratory judgment against Berkshire Hathaway.[2] Having reviewed the parties' briefing, evidence, and applicable law, the Court determines that, at least in this stage of the proceedings, Berkshire Hathaway and Murco adequately pled "a claim upon which relief can be granted" for each of their respective crossclaims and counter-crossclaims challenged in the instant Motions. FED. R. CIV. P. 12(b)(6).

### A.   Berkshire Hathaway Alleges Plausible Crossclaims for Relief

With respect to each of its crossclaims against Murco, the Court finds that Berkshire Hathaway has alleged "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

Murco moves to dismiss Berkshire Hathaway's crossclaim for a judicial declaration that Murco must contribute to settlements or judgments for periods in which it has no applicable coverage or its primary insurance carrier became insolvent. This is an issue upon which Texas law is not entirely clear. But it is also a $9 million issue, which a Texas court has held that an

---

[1] Murco's Mot. to Dismiss, ECF No. 79.
[2] Berkshire Hathaway's Mot. to Dismiss, ECF No. 90.

insured's contribution toward a settlement or judgment triggered an excess policy requiring exhaustion of underlying policy limits. *See, e.g.*, *Plantation Pipe Line Co. v. Highlands Ins. Co.*, 444 S.W.3d 307 (Tex. App.—Eastland, pet. denied). In *Plantation Pipe Line*, the insured's primary carriers settled for less than policy limits and, as with Murco's excess carriers in this case, the excess carrier claimed its coverage for the insured's remaining liability could not be reached because underlying coverage had not been exhausted. *Id.* at 310. The insured agreed to pay the difference between the underlying settlement amounts and the underlying policy limits, and the Texas court held that the insured's payment satisfied the excess policy's exhaustion requirement. *Id.* at 315. Here, it is plausible that requiring Murco to contribute its insolvent carriers' pro rata shares could similarly trigger the policies of Murco's excess carriers.

Because Berkshire Hathaway has pled factual allegations that "plausibly give rise to an entitlement to [declaratory and monetary] relief," the Court **DENIES** Murco's motion to dismiss Berkshire Hathaway's crossclaims. *Iqbal*, 556 U.S. at 679.

### B. Murco Alleges Plausible Counter-Crossclaims for Relief

Regarding each of its counter-crossclaims against Berkshire Hathaway, the Court similarly finds that Murco has alleged "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

At issue here are two sets of competing claims for declaratory relief through which Murco and Berkshire Hathaway seek to clarify their respective policy interpretations as to: (1) the circumstances under which Berkshire Hathaway must indemnify Murco for defense costs; and (2) whether Berkshire Hathaway may refuse to indemnify Murco and the extent that it may do so when other insurance is available to Murco. In its motion to dismiss, Berkshire Hathaway

posits that because Murco advances interpretations that are in conflict with its own, Murco's counter-crossclaims for declaratory relief are redundant and therefore warrant dismissal.

Fifth Circuit precedent makes clear that declaratory claims can only be dismissed for redundancy if every issue presented therein will necessarily be resolved through the adjudication of another alleged claim. *See Robinson v. Hunt Cnty., Tex.*, 921 F.3d 440, 450-51 (5th Cir. 2019) (reversing the district court's dismissal of claims for declaratory relief). And such circumstances do not arise where the parties merely seek to establish their competing policy interpretations and the rejection of one interpretation does not necessarily amount to ratification of the other. *See, e.g.*, *Twin City Fire Ins. Co. v. Oceaneering Int'l, Inc.*, No. CV H-16-666, 2017 WL 2999269, at *6 (S.D. Tex. Feb. 28, 2017), *report and recommendation adopted*, No. CV H16-666, 2017 WL 1160514 (S.D. Tex. Mar. 29, 2017); *In re ATP Oil & Gas Corp.*, No. 12-36187, 2013 WL 5310194, at *1 (Bankr. S.D. Tex. Sept. 18, 2013). Such is the case here. Murco's counter-crossclaims are not redundant because they merely seek to establish interpretations that cannot otherwise be established via mere rejection of the declarations sought by Berkshire Hathaway.

The Court therefore **DENIES** Berkshire Hathaway's motion to dismiss Murco's counter-crossclaims for declaratory relief on these policy interpretation questions.

### III.   CONCLUSION

Accordingly, it is **ORDERED** that Murco's Motion to Dismiss Berkshire Hathaway's Crossclaims (ECF No. 79) and Berkshire Hathaway's Motion to Dismiss Murco's Counter-Crossclaims (ECF No. 90) should be and are hereby **DENIED**.

**SO ORDERED** on this **30th day** of **January, 2024**.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**