UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**ACE AMERICAN INSURANCE
COMPANY, ET AL.,**

  Plaintiffs,

v.                                                                  No. 4:22-cv-01137-P

**MURCO WALL PRODUCTS, INC.,
ET AL.,**

  Defendants.

## MEMORANDUM OPINION & ORDER

    Before the Court are five motions for summary judgment and four motions for miscellaneous relief. Having considered the motions, the Court concludes Travelers Indemnity Company's Motion for Partial Summary Judgment (ECF No. 117) should be and is hereby **GRANTED.** Murco Wall Products, Inc.'s Motion for Partial Summary Judgment (ECF No. 120) is **DENIED.**

    The Court believes resolution of Travelers' and Murco's motions will resolve or moot several issues raised in the other three pending motions for summary judgment (ECF Nos. 123, 126, 129). Additionally, the Court has concerns that the other three motions for summary judgment failed to comply with Judge O'Connor's order requiring that all initial motions and cross-motions for summary judgment be constrained to "a fixed set of threshold legal issues *agreed-upon by the parties.*" ECF No. 103 at 2 (emphasis added). Frankly, the plethora of motions currently before the Court has resulted in a burdensome and confusing morass, which has served only to delay the Court's resolution of the overarching dispute in this case. Accordingly, the Court concludes that Canal Insurance Company's Motion for Partial Summary Judgment (ECF No. 123) TIG Insurance Company's Motion for Summary Judgment (ECF No. 126), and Interstate Fire & Casualty Company's Motion for Summary

Judgment (ECF No. 129) should be and are hereby **DENIED without prejudice**.

The Court also **DENIES as moot** Interstate's Request for Judicial Notice (ECF No. 132), Murco's Motion to Defer Ruling on Pollution Exclusion (ECF No. 170), Travelers' Motion for Leave to File Sur-Reply (ECF No. 167), and Berkshire Hathaway's Motion for Leave to File Sur-Reply (ECF No. 168).

Finally, the Court previously ordered that all deadlines be stayed pending further notice. The Parties are **ORDERED** to file a Joint Status Report **on or before July 3, 2024,** outlining all remaining claims, cross-claims, and counter-claims. The Joint Status Report shall include a proposed scheduling order with any applicable deadlines—including a new proposed trial date, mediation deadline, and dispositive motion deadline. The Parties will be ordered to attend mediation before filing any further motions for summary judgment, and the Court expects that this matter will be tried on or before December 18, 2024. The Court does not anticipate that the trial will be moved beyond that date.

## BACKGROUND

This case arises out of a dispute over insurance coverage obligations related to asbestos-related injury claims against Murco Wall Products, Inc. Murco manufactures and sells wall products, which include materials used in construction and building maintenance. Murco has been sued in numerous lawsuits alleging that its products caused asbestos-related injuries. These lawsuits have resulted in legal expenses and potential liabilities for Murco.

To address these claims, Murco initially relied on its underlying insurance policies. But the underlying policy limits have now been exhausted, prompting Murco to seek coverage under its excess insurance policies issued by several insurers, including Travelers. Travelers issued an umbrella insurance policy to Murco, which obligates Travelers to step in and *defend* Murco for claims "not covered" by the underlying policy. For other claims, Travelers need only *indemnify* Murco for the ultimate net loss. Travelers argues that asbestos-related injuries are "covered" by the underlying policy, and thus, Travelers'

2

policy requires only indemnification. Murco disagrees, arguing Travelers must defend Murco in the lawsuits. Travelers and Murco filed cross-motions for summary judgment on this issue and the motions are ripe for the Court's review.

## LEGAL STANDARD

Summary judgment is appropriate when the moving party "shows that there is no genuine dispute as to any material fact" and "is entitled to judgment as a matter of law." FED. R. CIV. P. 55(a). A dispute is "genuine" if the evidence presented would allow a reasonable jury to return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 242–43 (1986). A fact is "material" when it might affect the outcome of a case. *Id.* at 248. When determining whether summary judgment is appropriate, the Court views the evidence in the light most favorable to the nonmovant. *First Am. Title Ins. Co. v. Cont'l Cas. Co.*, 709 F.3d 1170, 1173 (5th Cir. 2013). In conducting its evaluation, the Court may rely on any admissible evidence available in the record but need only consider those materials cited by the parties. FED. R. CIV. P. 55(c)(1)–(3). Interpretation of an insurance policy is a question of law that is "particularly appropriate for summary disposition." *See Fina, Inc. v. Travelers Indem. Co.*, 184 F. Supp. 2d 547, 550 (N.D. Tex. 2002) (Boyle, J.) (citing *Principal Health Care of La v. Lewer Agency, Inc.*, 38 F.3d 240, 242 (5th Cir. 1994)). As a federal court sitting in diversity, the Court applies Texas law in interpreting the insurance policy. *See Principal*, 38 F.3d at 242–43.

## ANALYSIS

### A. Travelers' and Murco's Motions for Partial Summary Judgment

The present dispute turns on the Parties' divergent interpretations of the phrase "not covered" in Travelers' umbrella insurance policy. Under Texas law, "if only one party's construction is reasonable, the policy is unambiguous and [the Court] will adopt that party's construction." *RSUI Indem. Co. v. The Lynd Co.*, 466 S.W.3d 113, 118 (Tex. 2015). "But if both constructions present reasonable interpretations of the policy's language, [the Court] must conclude that the policy is

3

ambiguous." *Id.* Here, the Court concludes that Travelers' interpretation is the only reasonable interpretation of the phrase "not covered."

Travelers issued an umbrella insurance policy to Murco that includes two types of coverage: excess coverage (Section I) and drop-down coverage (Section II). The excess coverage is designed to provide additional coverage once the underlying policy limits are exhausted, requiring Travelers to indemnify Murco for ultimate net losses up to a certain amount—in this case, $1,000,000. Excess coverage "rests on top of" the primary policy, "insuring against the same categories of risks covered by the primary policy with additional limits if losses exceed the primary policy limits." *Utica Mut. Ins. Co. v. Munich Reinsurance Am., Inc.*, 7 F.4th 50, 56 (2d Cir. 2021). Excess coverage is "triggered by exhaustion of the primary limits." *Id.* In other words, excess coverage applies to the risks "covered" by the underlying insurance policy and provides additional coverage (indemnification up to $1,000,000) once the primary policy limits are exhausted. With respect to excess coverage, Section I of the policy states:

> [Travelers] will <u>indemnify</u> the insured <u>for ultimate net loss</u> in excess of the retained limit hereinafter stated which the insured may sustain by reason of liability imposed upon the insured by law . . . for damages because of . . . Personal injury.

ECF No. 122-2 at 4 (emphasis added).

The drop-down coverage, on the other hand, applies to risks "not covered" by the underlying policy and requires Travelers to defend Murco in lawsuits arising from those risks. It is a "gap-filler" coverage that insures against risks beyond the scope of the underlying insurance policy. This drop-down coverage does not erode the policy limit (i.e., does not count toward the $1,000,000 policy limit). For drop-down coverage, Section II of the policy states:

> With respect to any occurrence <u>not covered by the underlying insurance listed</u> in the schedule of underlying insurance or any other underlying insurance collectible by the insured, <u>but covered under the terms and conditions of this policy</u> . . . [Travelers] shall: [] defend any suit against the insured alleging such injury or destruction and seeking damages on account thereof . . . and the amounts so incurred, except settlements of claims and suits, are

4

payable by [Travelers] in addition to the applicable limit of liability.

ECF No. 122-2 at 4 (emphasis added). Thus, if the asbestos-related claims are "not covered" by the underlying policy, Section II applies and Travelers must defend Murco in those suits. If the asbestos claims are "covered" by the underlying policy, Travelers need only indemnify Murco for ultimate net loss up to $1,000,000.

As an initial point, Murco and Travelers agree that the asbestos lawsuits "were covered" by the underlying policy at one point. ECF Nos. 118 at 11; 121 at 7–8. And the Parties further agree that the underlying policy has been exhausted through payment of covered claims. *See* ECF No. 118 at 7; 121 at 2. But Murco argues that because the underlying policy has been exhausted, it "no longer" covers the asbestos claims Travelers must therefore step in to defend Murco. ECF No. 121 at 6 ("This interpretation is consistent with the plain meaning of the word 'cover,' which means 'to afford protection'—something exhausted policies no longer do."). The Court disagrees and concludes that Murco's reading of the policy is unreasonable.

To begin, a natural reading of the phrase "not covered by the underlying insurance" means that the occurrence or risk in question is not included within the scope of the underlying insurance policy's coverage. *See Coverage*, BLACK'S LAW DICTIONARY (11th ed. 2019) ("[T]he *risks within the scope* of an insurance policy." (emphasis added)). Exhaustion of the underlying policy does not mean the risk is outside the scope of the policy—contrary to Murco's interpretation—it means simply that the policy limit has been reached. As the Texas Supreme Court has explained, "[t]his conclusion follows from conventional usage of 'coverage' [which] contemplates the *risks* covered," as opposed to the "payout *limits*." *ExxonMobil Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 672 S.W.3d 415, 420 (Tex. 2023) ("National Union points us to no authority providing that 'coverage' must include payout limits in this context."); *Id.* at 420 n.5 (citing *Traders State Bank v. Cont'l Ins. Co.*, 448 F.2d 280, 283 (10th Cir. 1971) ("The word coverage is, indeed, a term of art in the insurance industry, meaning the sum of all the risks assumed under the policy." (internal quotation omitted)); *Aid Ass'n for*

5

*Lutherans v. U.S. Postal Serv.*, 321 F.3d 1166, 1176 (D.C. Cir. 2003) ("[T]he word 'coverage' . . . usually refers to the inclusion or exclusion of specific risks under an insurance policy.")). Thus, because asbestos-related claims are among the risks covered by the underlying policy, they are "covered" even if the underlying policy limits have been exhausted. Accordingly, Section II of Travelers' policy does not apply to the asbestos claims because the claims are "covered" by the underlying insurance policy.

The Fifth Circuit confronted a similar issue in *Mission Nat. Ins. v. Duke Transp. Co., Inc. See* 792 F.2d 550 (5th Cir. 1986) (applying Louisiana law). In *Mission*, Duke argued that Mission, as the excess insurer, must step in to defend Duke after the underlying insurer became insolvent. *See id.* at 552. Duke argued that its inability to collect under the underlying insurance policy meant that the underlying policy did not "cover" anything. *See id.* Thus, when the primary insurer became insolvent, Duke contended that Mission's policy should "drop down" to provide primary coverage, requiring Mission to defend Duke. *Id.* The district court disagreed, holding that "covered" refers to the scope of the underlying policy's coverage terms, not its collectability. *Id.* The Fifth Circuit affirmed, holding that—although no Louisiana court had directly confronted this issue—it is clear that "covered" refers to whether a risk is covered by an underlying policy, not whether "the insured can collect from the primary insurer." *Id.*

Similarly, Murco argues that Travelers must step in to defend Murco because it has exhausted the limits of the underlying insurance policy, and therefore can no longer collect under that policy. The reasoning in *Mission* suggests otherwise. Exhaustion of the underlying policy limits or an inability to collect does not mean that a risk is "no longer covered" by the underlying policy. ECF No. 121 at 6. Accordingly, Section II of Travelers' policy does not apply to the asbestos claims and Travelers has no duty to defend Murco in the asbestos lawsuits—it need only indemnify Murco for ultimate net loss.

To hold otherwise would erode the difference between excess coverage (Section I) and drop-down coverage (Section II), which insure different risks. It would, in effect, mean that Travelers has an unlimited

duty to defend Murco for any risks (either within the scope of the underlying policy or outside its scope). At some point, the underlying policy was liable to be exhausted. And if exhaustion triggered Travelers' duty to defend Murco under Section II, then the phrase "[w]ith respect to any occurrence <u>not covered</u> by the underlying policy" would be meaningless. ECF No. 122-2 at 4 (emphasis added). Eventually, upon exhaustion, every risk would cease to be covered by the underlying policy. *Ewing Constr. Co., Inc. v. Amerisure Ins. Co.*, 420 S.W.3d 30, 37 (Tex. 2014) ("[I]nterpretations of contracts as a whole are favored so that none of the language in them is rendered surplusage."). The Court is disinclined to erode the distinction between excess coverage in Section I and drop-down coverage in Section II. And Murco is unable to point to any caselaw—in Texas or elsewhere—that supports its position. *See generally* ECF No. 121; *Id.* at 9 ("Murco agrees there is no case directly on this issue under Texas law.").

Accordingly, the Court concludes that Travelers' obligation to Murco is limited to indemnification for ultimate net loss up to the $1,000,000 policy limit. The Court **GRANTS** Travelers' Motion for Partial Summary Judgment (ECF No. 117), **DENIES** Murco's Motion (ECF No. 120), and holds that: (1) Travelers has no duty to defend Murco in the asbestos lawsuits, only a duty to indemnify Murco for "ultimate net loss," including reimbursement of defense expenses; and (2) Travelers' payment of such defense expenses erodes the $1,000,000 policy limit.

**B. Canal's, TIG's, and Interstate's Motions for Summary Judgment**

The Court will now briefly address the three remaining motions for summary judgment. ECF Nos. 123, 126, 129. Before this case was transferred to the undersigned judge, the Parties filed a Joint Motion for Stay of Scheduling Order. ECF No. 98. In their Motion, the Parties proposed a plan to streamline the litigation process by addressing certain threshold legal issues in several initial motions and cross-motions for summary judgment. *See* ECF No. 98 at 2–3. They argued that resolving these threshold issues early could potentially eliminate the need for extensive litigation, discovery, and expert witness efforts and expenses, which might otherwise be unnecessary. *See id.* The Parties proposed that "[o]nce the Parties' initial summary judgment

7

motions and cross-motions have been briefed and determined, a new, final Scheduling Order governing any necessary further litigation of potential legal and fact issues can be issued." *Id.* at 2.

The Parties specifically outlined the critical issues they anticipated raising in their initial summary judgment motions, which include: "whether Stonewall, Interstate Fire, Canal, TIG, and Travelers have a defense obligation to Murco upon exhaustion of the Ace underlying policies" and "if so, whether the defense fees and expenses paid on behalf of Murco erode the respective policy limits of such excess insurer defendants." *Id.* at 3. Judge O'Connor subsequently entered an order modifying the scheduling order, stating: "the Court finds that the adjudication of these threshold issues *in accordance with the parties' proposed modified dispositive motion format* would likely lead to the full resolution of disputes between certain parties, or at least significantly narrow the issues requiring further adjudication and resolution by the Court." ECF No. 103 at 2 (emphasis added). Thus the Court ordered that "the parties shall file initial motions and cross-motions for summary judgment *on a fixed set of threshold legal issues agreed-upon by the parties.*" *Id.* (emphasis added).

Canal, TIG, and Interstate have since filed motions for summary judgment on a myriad of issues, several of which apparently do not concern the "threshold legal issues" that were "agreed upon" by the Parties. *See* ECF No. 171 at 3. Specifically, Murco has filed a Motion to Defer Ruling on the Pollution Exclusion, explaining that "the first time that Murco learned of [TIG's] and Interstate's intention to file summary judgment briefing on [the pollution exclusion] was when the motions were filed." *Id.* Thus, the applicability of the pollution exclusion is not a threshold legal issue that was agreed upon by the Parties.

Further, Travelers has represented to the Court that "if the Court grants Travelers' Motion [for Partial Summary Judgment], Travelers will not pursue any of its other claims," including its claims against Canal, TIG, and Interstate. ECF No. 143 at 2; 145 at 2–3; 147 at 2. Thus, to the extent Canal, TIG, and Interstate seek summary judgment on claims against Travelers, such motions are moot in part. In the interest of advancing this litigation and to ensure compliance with Judge

O'Connor's order, the Court concludes that Canal, TIG, and Interstate's motions for summary judgment (ECF Nos. 123, 126, 129) should be and are hereby **DENIED without prejudice**. Canal, TIG, and Interstate may refile motions for summary judgment on any remaining claims at an appropriate time.

## CONCLUSION

For the reasons stated above, Travelers' Motion for Partial Summary Judgment (ECF No. 117) is **GRANTED** and Murco's Motion for Partial Summary Judgment (ECF No. 120) is **DENIED.** Canal, TIG, and Interstate's motions for summary judgment (ECF Nos. 123, 126, 129) are also **DENIED without prejudice**.

Further, Interstate's Request for Judicial Notice (ECF No. 132), Murco's Motion to Defer Ruling on Pollution Exclusion (ECF No. 170), Travelers' Motion for Leave to File Sur-Reply (ECF No. 167), and Berkshire Hathaway's Motion for Leave to File Sur-Reply (ECF No. 168) are **DENIED as moot**, and the Parties are **ORDERED** to file a Joint Status Report consistent with this order **on or before July 3, 2024**.

**SO ORDERED** on this **24th day of June 2024.**

_____
Mark T. Pittman
UNITED STATED DISTRICT JUDGE